**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JESUS ESPINOZA,
Plaintiff,
vs.
E.K. McDANIEL, ET AL.,
Defendants.

3:06-CV-0542-HDM (VPC)

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

July 2, 2007

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#14). Plaintiff failed to file a motion in opposition. The court has thoroughly reviewed the record and the motions and recommends that defendants' motion (#14) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Jesus Espinoza ("plaintiff"), a *pro se* prisoner, is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#5). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eight Amendment right to be free from cruel and unusual punishment. *Id*. Plaintiff also brings state law claims for assault and battery. *Id*. Plaintiff names as defendants E.K. McDaniel, ESP Warden; A. Endel, ESP Associate Warden; Stephen Saunders, ESP Correctional Officer; and Teri Doty, ESP Senior Correctional Officer. *Id*.

Plaintiff's complaint stems from a March 22, 2006 incident in which he alleges that defendant Saunders unjustifiably slammed the food slot door on his hand three times, breaking his little finger. *Id*. Plaintiff alleges that defendants McDaniel and Endel failed to investigate and

discipline defendant Saunders, and that defendant Doty knew that defendant Saunders was going to slam the food slot door on plaintiff's hand but failed to act to prevent it. *Id*.

On February 26, 2007, defendants filed a motion to dismiss (#14). The court sent plaintiff its standard *Klingele* Order on February 27, 2007, informing plaintiff of the requirements for opposing a dispositive motion (#15). The order gave plaintiff fifteen days to serve points and authorities in opposition to defendants' motion to dismiss. *Id*. On March 5, 2007, plaintiff sent a letter to the clerk of court stating, "This is all the evidence I have," and requested a status check on his motion to appoint counsel (#18). Attached to the letter were thirty-seven pages of documents in support of his complaint; however, plaintiff failed to include points and authorities in opposition to defendants' motion to dismiss. *Id*.

Defendants filed a reply on March 30, 2007, requesting that the court grant their motion to dismiss because plaintiff failed to oppose it (#19). On April 30, 2007, the court *sua sponte* granted plaintiff one extension of time to Friday, May 18, 2007, to file an opposition to defendants' motion to dismiss, and warned plaintiff that the failure to submit an opposition would result in the defendant's motion being submitted to the court for decision (#20). To date, plaintiff has not filed an opposition.

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

///

///

///

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994). "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (citations omitted). However, Rule 12 provides that if matters outside the pleading are presented to the court on a motion to dismiss for failure to state a claim upon which relief may be granted, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Fed.R.Civ.P. 12(b)(6). Notwithstanding this rule, conversion to summary judgment is at the discretion of the court and the court must take some affirmative action before conversion is effected. *Swedberg v. Marotzke*, 339 F.3d 1139, 1144 (9th Cir. 2003). A motion filed with extraneous materials is to be treated as a motion for summary judgment only if the court relies on the material. *Id*. at 1143-44.

#### 2. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi*

*v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, __ U.S. __, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**3. Excessive Force**

When an inmate alleges that a prison officer used excessive physical force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Jeffers v. Gomez*, 267 F.3d 895, 899 (9th Cir. 2001). Only where prison officials have acted in response to an immediate disciplinary need,

because of the risk of injury to inmates and prison employees and because prison officials will not have time to reflect on the nature of their actions, does the "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard, apply. *See Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). Because the use of force relates to the prison official's legitimate interest in maintaining security and order, the court must be deferential when reviewing the necessity of using force. *See Whitley*, 475 U.S. at 321-22.

In order to determine whether the force was excessive, the court looks to the "extent of injury . . . the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7, quoting *Whitley*, 475 U.S. at 321.

**B. Analysis**

Defendants contend that plaintiff cannot prove that the defendants acted with deliberate indifference in relation to plaintiff's injury from the food slot door, and they submit three affidavits in support of their contentions (#14).[1] Defendant McDaniel states in his affidavit that he requested that the Inspector General's office conduct an investigation into the March 22, 2006 incident, that the investigation was completed, and that defendant Saunders "was not found to have purposefully closed the food slot on Inmate Espinoza's fingers." *Id*., Exhibit A. In her affidavit, defendant Doty states that on the day of the incident, she was on duty, and plaintiff notified her through the intercom that defendant Saunders had shut the food slot on his finger. *Id*., Exhibit B. Defendant Doty further states that defendant Saunders arrived at her station and

[1] Since defendants submit exhibits in support of their motion, the court converts their motion to dismiss to a motion for summary judgment.

told her that he had accidentally closed the food slot on plaintiff's hand when plaintiff attempted to prevent the food slot from closing. *Id*. Defendant Doty states "I have never, nor would I ever, condone discussion or planning by NDOC staff to injure an inmate." *Id*. Finally, defendant Saunders states in his affidavit that plaintiff's fingers were accidentally caught in the food slot while defendant Saunders was shutting it because plaintiff reached forward and attempted to capture the food slot to prevent it from closing. *Id*., Exhibit C. He states that he immediately reported the incident, and that he did not slam the door on plaintiff's fingers on purpose. *Id*.

Local Rule 7-2 states "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." L.R. 7-2(d). In the *Klingele* order the court sent plaintiff, it stated:

> If the nonmoving part fails to oppose the motion within fifteen (15) days, or if the non-moving party fails to submit evidence supporting its opposition, and if the motion for summary judgment has merit, that failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. Local Rule 7-2(d). The court may then grant the motion and enter judgment. Local Rule 7-2(d).

(#15).

The evidence before the court indicates that the Inspector General investigated the March 22, 2006 food slot incident, and concluded it was an accident and that defendant Saunders did not acted purposefully. Plaintiff has failed to refute this. The court concludes that there is no evidence that defendants acted with deliberate indifference.

Plaintiff has been duly warned of the consequences of failing to oppose defendants' motion. *See* #15 and #20. Therefore, because plaintiff consents to each of the defendants'

arguments, the court grants summary judgment.[2]

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff's failure to oppose defendants' motion for summary judgment constitutes his consent to the granting of that motion. Defendants' unopposed evidence indicates that the March 22, 2006 incident in which plaintiff's hand got caught in his food slot was not purposeful; therefore, the court concludes that defendants did not act with deliberate indifference.

As such, the court recommends that defendants' motion for summary judgment (#14) be **GRANTED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

///

///

[2] Because the court has dismissed plaintiff's constitutional claim, it declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. §1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim... if... the district court has dismissed all claims over which it has original jurisdiction.").

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion (#14) be **GRANTED**.

**DATED:** July 2, 2007.

Valerie P. Cooke

**UNITED STATES MAGISTRATE JUDGE**