**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JESUS E. ESPINOZA, | ) | 3:06-cv-00542-HDM-VPC |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| E.K. MCDANIEL, et al., | ) | |
| Defendants. | ) | |

Before the court is the Report and Recommendation of the United States Magistrate Judge ("R&R") (#23) in which she recommends that the defendants' Motion to Dismiss (#14) be granted. No objections to the R&R have been filed. The court conducts a de novo review of the report and recommendations. 28 USCS § 636(b)(1)(C).

Plaintiff Jesus Espinoza ("Espinoza") brings a claim under 42 U.S.C. § 1983 for violation of his Eighth Amendment right to be free from cruel and unusual punishment as well as state law tort claims. Espinoza claims that defendant C/O Saunders (erroneously named as Sanders) slammed the foodslot door three times on plaintiff's hand without justification. Espinoza also claims that

1

defendant S. C/O Gledhill (formerly known as Doty) knew that Saunders was going to perform such an action and failed to prevent it. Finally, Espinoza claims that defendants Adam Endel and E.K. McDaniel failed to properly investigate and discipline their subordinates with regard to the incident.

In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The court can grant the motion only if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

Additionally, the allegations of a pro se plaintiff's complaint are held to a less stringent standard than those drafted by a lawyer. Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

A government official is shielded from civil damages unless their conduct violates "clearly established statutory or constitutional rights which a reasonable person would have known." *Harlow v Fitzgerald*, 457 U.S. 800, 818 (1982). Prison officials violate the Eighth Amendment when they engage in the "wonton and unnecessary infliction of pain." *Wilson v Seiter*, 501 U.S. 294

2

(1991).

"A supervisor may be liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (internal citations and quotations omitted).

In this case, Espinoza alleges that C/O Saunders intentionally slammed the foodslot door on his fingers three times without provocation. C/O Saunders claims that he was closing the foodslot door when Espinoza thrust his hand through in order to keep the door open. Accepting Espinoza's version of events, as the court must at this stage of the proceedings, Espinoza has stated a claim under § 1983 against C/O Saunders.

Espinoza's claims against McDaniel and Endel for failure to discipline their subordinates do not state a claim under § 1983. Plaintiff does not allege that either McDaniel or Endel was personally involved in slamming his fingers in the foodslot or that there is a causal connection between the alleged constitutional violation and the supervisor's conduct. Likewise, Espinoza's claim against S. C/O Gledhill for failing to prevent Saunders' alleged conduct fails to state a claim under § 1983.

To the extent that the R&R converted the Motion to Dismiss to a Motion for Summary Judgment, Espinoza's failure to file points and authorities in opposition is not fatal under Local Rule 7-2. "A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950

3

1  (9th Cir. 1993) (quoting *Hibernia Nat'l Bank v. Administracion*
2  *Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).
3       Although not addressed by the magistrate judge, the Motion to
4  Dismiss also seeks dismissal of the state claims.  Espinoza alleges
5  violations of Nevada's criminal statute for assault and battery.
6  The court will liberally construe these as a tort claim for assault
7  and battery.
8       Espinoza has failed to allege that McDaniel, Endel, or S. C/O
9  Gledhill had any involvement in slamming the foodslot door on his
10 hand.  Therefore, no claim for assault or battery can be maintained
11 against these defendants.  Espinoza has properly alleged an assault
12 and battery claim with respect to C/O Saunders in his individual
13 capacity.
14      Accordingly, the court **ADOPTS IN PART** the report and
15 recommendation of the United States Magistrate Judge (#23).  The
16 Motion to Dismiss (#14) with respect to defendants E.K. McDaniel,
17 Adam Endel, and S. C/O Gledhill is **GRANTED** as to all claims.  They
18 are **DISMISSED WITH PREJUDICE.**  The Motion to Dismiss (#14) with
19 respect to defendant C/O Saunders is **DENIED WITHOUT PREJUDICE** to
20 renew on a motion for summary judgment upon completion of
21 discovery.
22      It is so **ORDERED.**
23      DATED: This 6th day of August, 2007.
24
25      _____
26                UNITED STATES DISTRICT JUDGE
27
28

4